UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Victor Mallh, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br>　v.<br>Luna Care, Inc.<br>　　　　　　　Defendant. | CASE NO.: _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Victor Mallh (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against Defendant Luna Care, Inc. as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from the illegal actions of Defendant Luna Care, Inc. ("Defendant" or "Luna").

2. Luna is an in-home physical therapy business that matches patients with physical therapists.[1] It operates in dozens of states across the United States.[2] As part of its business operations, Luna has sent unsolicited fax advertisements to Plaintiff and putative class members' facsimile telephone numbers to market or sell its services and goods.

3. Luna's fax advertisements violate the Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), which prohibits any person or entity from sending or having an agent send any "unsolicited advertisement" by facsimile ("junk faxes" or "unsolicited faxes"). 47 USC

---

[1] *See* https://www.getluna.com/how-it-works (last visited Sept. 6, 2023).
[2] *See* https://www.getluna.com/locations (last visited Sept. 6, 2023).

§ 227(b)(1)(C).

4.      In addition, the TCPA mandates that if a person or entity sends an otherwise unsolicited advertisement by facsimile to a fax recipient with which the sender has an "established business relationship," then the sender must include a "clear and conspicuous" opt-out notice on the "first page of the advertisement." 47 U.S.C. § 227 (b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii).  Here, Luna not only had no establish business relationship with the fax recipients, but Luna's faxes also contain no clear and conspicuous opt-out notice.

5.      Luna's unsolicited faxes damage their recipients: they waste the recipient's valuable time and energy that would have been spent on something else; interrupt the recipient's privacy; tie up telephone lines and prevent their use for authorized outgoing faxes; and require additional time and labor to attempt to discern the source and purpose of the unsolicited message.

6.      Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing faxes from Luna, and to certify the following class:

> All persons in the United States who from four years prior to the filing of this action (1) were sent at least one telephone facsimile message (a "fax") by or on behalf of Luna; (2) advertising goods, products or services of Luna's; (3) without the fax recipient's prior express invitation or permission; and (4) without a clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

## JURISDICTION

7.      Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

8.      The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Defendant does business in this District and Plaintiff resides in this District, received the faxes that form the basis of his claims within this District, and was damaged within this District.

## PARTIES

9. Plaintiff, Victor Mallh ("Plaintiff"), is an adult individual residing in Astoria, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant, Luna Care, Inc. ("Defendant" or "Luna"), is a Delaware business entity with a principal place of business at 6030 West Oaks Boulevard, Suite 210, Rocklin, California 95765, and is a "person" as defined by 47 U.S.C. § 153(39).

11. Luna does business on its own behalf and also via the following Luna affiliates: Arizona Luna Care Physical Therapy LLC, California Luna Care Physical Therapy P.C., Colorado Luna Care Physical Therapy LLC, Connecticut Luna Care Physical Therapy LLC, DC Luna Care Physical Therapy LLC, Delaware Luna Care Physical Therapy LLC, Florida Luna Care Physical Therapy LLC, Georgia Luna Care Physical Therapy LLC, Illinois Luna Care Physical Therapy LLC, Maryland Luna Care Physical Therapy LLC, Massachusetts Luna Care Physical Therapy LLC, Michigan Luna Care Physical Therapy LLC, Minnesota Luna Care Physical Therapy LLC, Missouri Luna Care Physical Therapy LLC, Nevada Luna Care Physical Therapy LLC, New York Luna Care Physical Therapy PLLC, North Carolina Luna Care Physical Therapy LLC, Ohio Luna Care Physical Therapy LLC, Oklahoma Luna Care Physical Therapy LLC, Oregon Luna Care Physical Therapy LLC, Pennsylvania Luna Care Physical Therapy LLC, Tennessee Luna Care Physical Therapy LLC, Texas Luna Care Physical Therapy LLC, Utah Luna Care Physical Therapy LLC, Virginia Luna Care Physical Therapy LLC, Washington Luna Care Physical Therapy LLC, and Wisconsin Luna Care Physical Therapy LLC.[3]

---

[3] *See* https://www.getluna.com/terms-of-use (last visited September 6, 2023).

## FACTUAL ALLEGATIONS

12. Plaintiff received unsolicited faxes from Luna on, *inter alia,* July 18, 2023 and August 29, 2023. Copies of the faxes are attached hereto as Exhibit A.

13. Luna's faxes purport to be sent by Josh Merritt, an employee in Luna's "Physician Relations" department; describe Luna's business; contain Luna's facsimile number, email address and website URL; and encourage recipients to contact Luna and refer potential patients/customers to Luna (e.g., "Submit a referral today").

14. In addition, Luna's faxes did not contain the opt-notice required by the TCPA. *See* 47 U.S.C. § 227 (b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii).

15. Upon information and belief, Luna has sent thousands of advertisements in fax broadcasts to one or more lists of targeted recipients throughout the United States during the last four years. Two of those faxes were the above-described faxes sent to Plaintiff in July and August 2023.

16. Plaintiff has never done with business with Luna or any of its affiliates.

17. Plaintiff did not expressly invite or give permission to anyone to send Luna's advertisements by fax.

18. Defendant sent faxes to numerous other recipients without their prior express permission or invitation, and without the opt-out notice required on faxes sent to persons with whom Luna can demonstrate an "established business relationship." Indeed, Plaintiff never expressly invited or permitted anyone to send the subject fax advertisements to him, the faxes sent to Plaintiff have no opt-out notice, and sending advertisements by fax is an inexpensive way to reach a wide audience.

4

## CLASS ACTION ALLEGATIONS

### A. The Class

19. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

20. Plaintiff represents, and is a member of the following class (the "Class"):

All persons in the United States who from four years prior to the filing of this action (1) were sent at least one telephone facsimile message (a "fax") by or on behalf of Luna; (2) advertising goods, products or services of Luna's; (3) without the fax recipient's prior express invitation or permission; and (4) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

21. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

22. Upon information and belief, Defendant placed substantially-similar unsolicited fax advertisements without the opt-out notice required by the TCPA to thousands of persons throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant's faxes constitute unsolicited advertisements that

5

       advertised the commercial availability or quality of any property, goods, or services;

b. Whether Defendant can meet its burden of showing it obtained the fax recipient's express permission or invitation;

c. Whether Defendant's faxes include clear and conspicuous opt-out notices on the first page of the faxed advertisements in compliance with the TCPA;

d. Whether Defendant is directly or vicariously liable for violating the TCPA;

e. Whether Defendant's conduct was knowing and/or willful;

f. Whether Defendant is liable for damages, and the amount of such damages; and

g. Whether Defendant should be enjoined from such conduct in the future.

### D. Typicality

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

27. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class

members to bring individual actions

## COUNT I
## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, ET SEQ.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff brings this claim on behalf of himself and the Class.

30. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1)(C).

31. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

32. The TCPA states that "[t]he [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection. In implementing the requirements of this subsection, the Commission . . . shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if – (i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement" (47 U.S.C. § 227(b)(2)(D)(i)) and "(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful. . . ." (47 U.S.C. § 227(b)(2)(D)(ii)). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. §

64.1200(a)(4)(iii)(B). Further, the opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice. . . ." 47 U.S.C. § 227(b)(2)(D)(iv).

33. The TCPA provides a private right of action. 47 U.S.C. § 227(b)(3).

34. Defendant violated the TCPA by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and by failing to include the clear, conspicuous, and content-rich opt-out notice required on the first page of each such facsimile.

35. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each fax sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

36. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(b)(3).

### COUNT II
### WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. Plaintiff brings this claim on behalf of himself and the Class.

39. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to send them advertisements by facsimile and that the faxes did not display the opt-out notices required by the TCPA (including the FCC's regulations).

40. Each of the aforementioned faxes by Defendant to Plaintiff and putative class members constitutes a knowing and willful violation of the TCPA.

41. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each fax sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

42. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every fax in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

C. Treble damages of up to $1,5000.00 for each and every fax in willful and/or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 7, 2023

Respectfully submitted,

By     /s/ Sergei Lemberg

Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff